Mark S. Mester (admitted *pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois  60611
Telephone:  (312) 876-7700
Email:  mark.mester@lw.com

Randy T. Austin (Utah Bar No. 6171)
Wade L. Woodard (Utah Bar No. 18155)
Justin W. Starr (Utah Bar No. 10708)
KIRTON MCCONKIE PC
36 South State Street, Suite 1900
Salt Lake City, Utah  84111
Telephone: (801) 328-3600
Email: raustin@kmclaw.com
        wwoodard@kmclaw.com
        jstarr@kmclaw.com

Jason R. Burt (Utah Bar No. 11200)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C.  20004-1304
Telephone:  (202) 637-2200
Email:  jason.burt@lw.com

David J. Jordan (Utah Bar No. 1751)
Wesley F. Harward (Utah Bar No. 15623)
FOLEY & LARDNER LLP
95 South State Street, Suite 2500
Salt Lake City, Utah  84111
Telephone: (801) 401-8900
Email: djordan@foley.com
        wharward@foley.com

*Counsel for Defendants The Church of Jesus Christ
of Latter-day Saints and Ensign Peak Advisors, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| IN RE: THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS TITHING LITIGATION<br><br>*This document relates to all actions.* | **MOTION TO EXTEND TIME TO FILE PROPOSED ESI PROTOCOLS AND PROTECTIVE ORDERS**<br><br>Case No. 2:24-md-03102-RJS-DAO<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Defendants The Church of Jesus Christ of Latter-day Saints (the "Church") and Ensign Peak Advisors, Inc. ("Ensign Peak," and together with the Church, "Defendants"), by and through counsel, hereby move this Court, pursuant to District of Utah Local Civil Rule 7-1(a)(2)(A) and this Court's Practices and Procedures, to extend the time to file a proposed ESI protocol and protective order until thirty (30) days after the Court's ruling on Defendants' Motion to Strike Class Allegations and Motions to Dismiss.  In support of this motion, Defendants state as follows:

1.      On April 11, 2024, several actions brought against the Church based on allegations of fraud related to tithing and other donations were centralized and transferred to this Court.  (Dkt. 1).  This Court convened an Initial Case Management Conference and entered an Initial Case Management Order, which set deadlines for Plaintiffs to file a consolidated complaint, Defendants to file anticipated motions to dismiss and to stay discovery, and for the parties to file a stipulated proposed ESI protocol and protective order.  (Dkt. 60).

2.      On July 12, 2024, Plaintiffs Daniel Chappell, Masen Christensen, John Oaks, Mark Wilson, Joel Long, Brandall Brawner, Kevin Risdon, Gene Judson and Michelle Judson filed a Consolidated Class Action Complaint (the "Consolidated Complaint").  See Consol. Compl. (Dkt. 63).

3.      On August 9, 2024, Defendants filed a Motion to Stay Discovery pending their anticipated motions to dismiss.  (Dkt. 68).

4.      On September 10, 2024, Defendants filed two motions to dismiss: one on behalf of the Church and one on behalf of Ensign Peak.  (Dkts. 79, 80).  That same day, Defendants filed a Motion to Strike Class Allegations.  (Dkt. 81).  Those motions were fully briefed on December 19, 2024.  (Dkts. 134, 135).

5.      On September 30, 2024, the Court granted Defendants' Motion to Stay Discovery pending a decision on their Motions to Dismiss.  (Dkt. 105).  The Court held that, first, there was minimal prejudice to Plaintiffs as the hearing on the Defendants' Motions to Dismiss was scheduled a few months later and the Court anticipated resolving the pending motions shortly thereafter.  (Dkt. 105, at 6).  The Court saw "little harm in delaying discovery a matter of months." (Id. at 6).  Second, the Court found that discovery would be significantly burdensome for Defendants as the case could involve "decades of conduct and millions of proposed class members" and raised allegations that a "global religion committed fraud amounting to tens of billions of dollars." (Id. at 7).  The Court noted that given the First Amendment issues underlying

2

this case, it would likely "generate numerous, legitimate discovery disputes," and that the time and expense of resolving such disputes should wait until the Court had an opportunity to review and decide the threshold issues raised in Defendants' Motions to Dismiss.  (Id. at 7-8).  The Court's order staying discovery did not include the deadlines in the Initial Case Management Order, including the deadline to file a stipulated ESI protocol and protective order. (Dkt. 105).

6.      On January 17, 2025, this Court held oral arguments on Defendants' Motion to Strike and Motions to Dismiss. (Dkt. 144).  During oral arguments, Plaintiffs' counsel repeatedly acknowledged the sensitivity of discovery from the Church, and that they would avoid any discovery touching on First Amendment protected conduct.  See Jan. 17, 2025 Hearing Tr. (Dkt. 145) at 67:1-6, 90:13-18.  At the conclusion of oral arguments, the Court took the matter under advisement.

7.      Meanwhile, the parties have been engaged in vigorous negotiations regarding the ESI protocol and protective order.  Since the Court's June 3, 2024 Initial Case Management Plan, the parties have exchanged numerous proposed drafts and have engaged in seven meet-and-confers in an attempt to narrow and resolve their differences and disagreements over an ESI protocol and protective order.  Throughout this time, the parties have filed six joint stipulated extensions to the deadline to file a stipulated ESI protocol and protective order in this case.  (Dkts. 65, 72, 96, 106, 122, 137).  The Court has granted each such motion. (Dkts. 67, 73, 97, 107, 123, 138).

8.      The next deadline to file a stipulated ESI protocol and protective order in this case is February 7, 2025.  (Dkt. 138).

9.      Although Plaintiffs and Defendants have narrowed the scope of certain disagreements regarding the ESI protocol and protective order, the parties remain far apart in substantive respects with respect to both documents.

10.      With regard to the ESI protocol, the parties continue to disagree on as many as 13 provisions within the ESI protocol.  Defendants in particular object to numerous provisions

3

Plaintiffs seek to add that would serve only to increase litigation costs for the Church without any benefit to the parties or Court. Moreover, Plaintiffs seek unnecessarily invasive access to Defendants' ESI repositories, including to review sensitive non-relevant materials. These unnecessary and invasive provisions put at risk the disclosure of sensitive religious materials and communications that have nothing to do with the allegations in this case. Moreover, such provisions raise significant First Amendment concerns as Plaintiffs seek to bring the Church's religious doctrines and communications under the purview of this action.

11. With regard to the stipulated protective order, the parties have reached an impasse on key provisions regarding the designation of certain materials as Highly Confidential-Attorneys' Eyes Only and the extent to which Defendants may object to Plaintiffs' experts before they view the Church's confidential materials. In particular, Defendants seek to include provisions to protect sensitive religious materials and member information, while Plaintiffs refuse to acknowledge the Church's privacy concerns regarding these materials.

12. At this point, the parties anticipate that the Court will need to resolve a number of disagreements regarding the stipulated ESI protocol and protective order. Many of these issues will involve questions of Church Autonomy and the relevance of religious materials in this matter. These issues are likely to entangle with issues the Court is already considering in the Defendants' motions.

13. In light of these issues and in the interests of avoiding unnecessary litigation costs and wasting court resources, Defendants respectfully request that the Court extend the time to file the proposed ESI protocol and protective order until 30 days after the Court's ruling on Defendants' Motion to Strike Class Allegations and Motions to Dismiss.[1]

14. Rule 16 of the Federal Rules of Civil Procedure provides a scheduling order may be modified for "good cause." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order

---

[1] To the extent the Court rules on these motions separately, Defendants respectfully request that the deadline to file a proposed ESI protocol and protective order be extended until 30 days after the Court's later ruling.

to extend discovery "is committed to the sound discretion of the trial court." <u>Podium Corp. Inc.</u>

<u>v. Chekkit Geolocation Servs. Inc.</u>, 2022 WL 2208929, at \*1 (D. Utah 2022).

15.     Relevant factors for courts to consider in determining whether good cause exists to

extend the deadline for filing of the ESI protocol and protective order or to present disputes

regarding either document on which the parties have reached impasse include:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the
> non-moving party would be prejudiced, 4) whether the moving party was diligent
> in obtaining discovery within the guidelines established by the court, 5) the
> foreseeability of the need for additional discovery in light of the time allowed for
> discovery by the district court, and 6) the likelihood that the discovery will lead to
> relevant evidence.

<u>Cricut, Inc. v. Enough for Everyone, Inc.</u>, 2023 WL 5152413, at \*2 (D. Utah 2023).

16.     Here, good cause exists for the requested extension.

17.     First, trial is not imminent.  In fact, this Court has stayed all discovery in this matter

pending its ruling on Defendants' Motions to Dismiss.  Accordingly, there is no risk of further

delaying any deadlines in the case.  <u>See</u> <u>Integrated Bus. Plan. Assocs., Inc. v. Operational Results,</u>

<u>Inc.</u>, 2024 WL 4884447, at \*2 (D. Utah 2024) ("This factor weighs in favor of finding good cause

as there will be no effect of delaying trial proceedings.").

18.     Second, Plaintiffs will not be prejudiced by such a delay.  This Court has already

held that a delay of a matter of months would not prejudice Plaintiffs.  (Dkt. 105, at 6).  That was

prior to the completion of the parties' briefing on Defendants' motions and two months before the

Court's scheduled oral arguments, and discovery has remained closed since.  There are no current

discovery deadlines, and no need to finalize an ESI protocol or protective order to permit

immediate document production.  In addition, the Court has taken the parties' briefing under

advisement and a decision is forthcoming.  Plaintiffs will not be prejudiced by the passage of time

necessary for the Court to render its decision.

19.     Third, Defendants have been diligent in their negotiations with Plaintiffs.  The

parties have exchanged multiple drafts of protective orders and ESI protocols and have engaged

in seven meet-and-confers totaling many hours of negotiation on the drafts and the parties' respective positions on numerous provisions. Although they have narrowed the topics and provisions at issue, the parties remain far apart and are likely close to an impasse on multiple issues.

20.     Fourth, moving forward would be unduly burdensome on Defendants and waste judicial resources. As this Court correctly noted, and Plaintiffs' counsel acknowledged, discovery in this case is likely to be tied up with First Amendment issues that will "generate numerous, legitimate discovery disputes." (Dkt. 105, at 7-8). The Court has already advised the parties that it wants to have an opportunity to review and decide the threshold issues raised in Defendants' Motions to Dismiss before it needs to undergo the time and expense of resolving these disputes. (Id. at 7-8). Disputes about the ESI protocol and protective order are just the type of disputes that the Court indicated it wishes to wait to resolve until the Defendants' Motions to Dismiss are resolved. Many of Plaintiffs' proposed additions to the stipulated ESI protocol and protective order call for invasive discovery into sensitive religious materials belonging to the Church. Moreover, Plaintiffs seek to strip from the protective order necessary protections related to the privacy of these sensitive records. Ruling on these issues will necessitate the Court wading into additional complex areas of First Amendment law and evaluating the nature of the Church's sensitive religious records.

21.     Fifth, the parties vigorously dispute numerous aspects of the ESI protocol and protective order in this matter, and these disputes may be mooted entirely by the Court's forthcoming ruling on Defendants' Motions to Dismiss. And even if only some of the claims are dismissed or the Motion to Strike granted, the effect of such dismissal will have significant ramifications for the scope of permissible discovery, and thereby directly affect provisions in the ESI protocol (or raise the question of whether ESI is even appropriate). Moreover, even if the Court were to deny Defendants' Motions to Dismiss, Defendants have also filed a Motion to Strike

Class Allegations.  Should the Court grant that motion, the scope and scale of discovery would be significantly impacted and the parties' disagreements over the stipulated ESI protocol and protective order would likely similarly be substantially narrowed.  There is no need to undergo the time and expense of fully briefing these issues and waste the Court's resources before the Court's rulings on these threshold matters.

22.    In light of the substantial and complicated issues that would need to be resolved in disputes over the terms of the ESI protocol and protective order in this case, and the possibility that the disputes may be mooted or significantly narrowed in scope depending on the Court's rulings on Defendants' pending motions, Defendants respectfully submit that good cause and exceptional circumstances exist warranting an extension of the parties' deadline to file a stipulated ESI protocol and protective order in this matter or to submit any areas of impasse to the Court for resolution.

23.    Counsel for Defendants has conferred with counsel for Plaintiffs, who have indicated that they oppose the relief requested herein.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that the Court grant their request to extend the time to file a proposed ESI protocol and protective order until thirty (30) days after the Court's rulings on Defendants' Motion to Strike Class Allegations and Motion to Dismiss, whichever is later.

Date:  February 7, 2025                    Respectfully submitted,

                                           /s/ Jason R. Burt
                                           Jason R. Burt (Utah State Bar No. 11200)
                                           LATHAM & WATKINS LLP
                                           555 Eleventh Street, NW, Suite 1000
                                           Washington, D.C.  20004-1304
                                           Telephone:  (202) 637-2200
                                           Email:  jason.burt@lw.com

Mark S. Mester (admitted *pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:  (312) 876-7700
Email:  mark.mester@lw.com

David J. Jordan (Utah State Bar No. 1751)
Wesley F. Harward (Utah State Bar No. 15623)
FOLEY & LARDNER LLP
95 South State Street, Suite 2500
Salt Lake City, Utah  84111
Telephone: (801) 401-8900
Email:    djordan@foley.com
             wharward@foley.com

Randy T. Austin (Utah State Bar No. 6171)
Wade L. Woodard (Utah State Bar No. 18155)
Justin W. Starr (Utah State Bar No. 10708)
KIRTON MCCONKIE PC
36 South State Street, Suite 1900
Salt Lake City, Utah  84111
Telephone: (801) 328-3600
Email:    raustin@kmclaw.com
             wwoodard@kmclaw.com
             jstarr@kmclaw.com

*Counsel for Defendants The Church of Jesus Christ of Latter-day Saints and Ensign Peak Advisors, Inc.*

## CERTIFICATE OF SERVICE

On this 7th day of February, 2025, I hereby certify that I electronically filed the foregoing MOTION TO EXTEND TIME TO FILE PROPOSED ESI PROTOCOLS AND PROTECTIVE ORDERS with the Clerk of the Court using the CM/ECF system, which will send an electronic notification to counsel of record for all the parties.

/s/ Jason R. Burt